# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-1977V
Originally Filed: September 6, 2022
Reissued for Public Availability: October 3, 2022

| | |
|---|---|
| MICHAEL RELUCIO,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner<br><br>Dismissal Decision; Influenza ("Flu") Vaccine; Allergic Reaction; Order to Show Cause; Insufficient Proof; Failure to Prosecute |

*Michael Relucio*, pro se, San Diego, CA, for petitioner.
*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

Petitioner filed this claim on October 6, 2021, alleging that the influenza ("flu") vaccine he received on September 11, 2021, caused him to suffer an allergic reaction causing swelling and blisters of the hands. (ECF No. 1.)[2] For the reasons discussed below, this petition is now dismissed.

### I. Procedural History

Petitioner filed this claim on October 6, 2021, approximately four weeks after the vaccination at issue. (*See* ECF No. 1.) With the petition, petitioner had filed records from medical encounters dated September 13, 2021, September 16, 2021, and September 20, 2021. On October 19, 2021, I issued an initial order instructing petitioner that ultimately more complete medical records would need to be filed in order to support this claim. (ECF No. 9, pp. 3-4.) However, I stayed the case until March of 2022, because of the Vaccine Act's requires that petitioners who have not died or experienced in patient hospitalization and surgical intervention must "suffer the residual effects or complications of [their injury] for more than six months after the administration

---

[1] Pursuant to Vaccine Rule 18(b), this decision was initially filed on September 6, 2022, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this decision is reissued in its original form for posting on the court's website.

[2] "ECF No." refers to the location of each document on the court's electronic filing system. *Pro se* petitioners such as Mr. Relucio do not have access to the electronic docket

of the vaccine" before they are eligible for compensation.  (ECF Nos. 9, 11; *see also* 42 U.S.C. § 300aa-11(c)(1)(D) (2018).)  Once sufficient time had passed for petitioner to cure this defect, I issued an order on March 15, 2022, lifting the stay and directing petitioner to file the medical records necessary to support his claim by no later than June 13, 2022.  (ECF No. 11.)  Since that time, petitioner has not filed any medical records nor contacted the Court to explain how he intends to proceed.

On July 1, 2022, I issued an Order to Show Cause allowing petitioner one final chance to file medical records to support his claim.  (ECF No. 14.)  I explained that petitioner's deadline of August 30, 2022, would be his last opportunity to file supporting medical records and if they were not filed, petitioner's claim would be involuntarily dismissed.  (*Id.*)  Despite the Order to Show Cause, petitioner has made no contact with the Court and has not filed the required medical records.

## II.     Legal Standard

In general, to receive compensation in the Vaccine Program, a petitioner must prove either (1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to a covered vaccine, or (2) that the vaccinee suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act also limits compensation only to those cases that are supported by either medical records or the opinion of a competent physician.  The Vaccine Act states with regard to a finding that petitioner can recover for his injury: "The special master or court may not make such finding based on the claims of a petitioner alone, unsubstantiated by medical records or medical opinion."  42 U.S.C. § 300aa-13(a)(1).

In all events, in order to state a claim for a vaccine injury under the Vaccine Act, a vaccinee must have either:

> suffered the residual effects or complications of such illness, disability, injury, or condition for more than 6 months after the administration of the vaccine, or (ii) died from the administration of the vaccine, or (iii) suffered such illness, disability, injury or condition from the vaccine which resulted in inpatient hospitalization and surgical intervention.

§300aa-11(c)(1)(D).

Pursuant to Vaccine Rule 8(a), the special master "will determine the format for taking evidence and hearing argument based on the specific circumstances of each case and after consultation with the parties."  Vaccine Rule 8(d) expressly authorizes

the special master to decide a case based on the written record without holding an evidentiary hearing.  Moreover, Vaccine Rule 21(b)(1) provides that "[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court."

### III.     Analysis

In this case, petitioner's medical records show that he presented to an urgent care facility two days after his influenza vaccination reporting an itchy rash on his hands, feet, and back.  (ECF No. 1-2, p. 2.)  He also had discomfort at the back of his throat.  (*Id*.)  He was diagnosed as having an allergic reaction and prescribed prednisone.  (*Id*.)  He returned for follow up care three days later with worsened symptoms.  He was prescribed a higher dose of prednisone and also recommended cetirizine and diphenhydramine.  (*Id*. at 4.)  On September 20, 2021, petitioner was seen by a dermatologist.  (*Id*. at 10.)  Upon examination, petitioner had crusted macules with no active vesicle or bullae and many hyperpigmented macules and patches on his palms and digits.  (*Id*.)  Petitioner was diagnosed with dermatitis and postinflammatory hyperpigmentation.  (*Id*.)  However, a differential diagnosis also included sweet's syndrome and hand foot and mouth disease.  (*Id*. at 11.)  Petitioner was placed on a topical corticosteroid (Diprolene ointment) and advised to return as needed if symptoms flared after tapering off prednisone or if any systemic symptoms arose.  (*Id*.)  No further medical records were filed and the petition does not include any allegation regarding petitioner's medical course subsequent to September 20, 2021.

This petition has been pending for eleven months without any further medical records having been filed.  I previously stayed this case temporarily so that petitioner could determine whether his injury would persist for at least six months in order to ultimately satisfy the Vaccine Act's severity requirement; however, petitioner has not subsequently been in contact with the court despite having been ordered to produce his medical records.  Additionally, I provided petitioner clear notice in my July 1, 2022 Order to Show Cause that his case was at risk for involuntary dismissal.  Accordingly, especially given the possibility petitioner's injury did not persist for at least six months, petitioner's lack of contact with the court strongly suggests that he does not intend to continue his case further.

Petitioner has had a full and fair opportunity to develop this case, but has failed to prosecute.  On the existing record, petitioner has not demonstrated that his alleged vaccine injury resulted in death, inpatient hospitalization, or complications or residual effects persisting for at least six months.  Accordingly, dismissal is appropriate.

### IV.     Conclusion

      This case is now **DISMISSED** both for failure to prosecute and for insufficient proof. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                <u>**s/Daniel T. Horner**</u>
                                                Daniel T. Horner
                                                Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.